Donzell GERALD, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 885S335.

Supreme Court of Indiana.

March 31, 1986.

Daniel L. Bella, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Donzell Gerald was convicted after trial by jury of murder, Ind.Code § 35–42–1–1 (Burns 1985 Repl.). He was sentenced to a term of imprisonment of 60 years. The sole issue raised in this direct appeal is whether the circumstantial evidence of his guilt was sufficient to convict him of the crime.

We affirm.

The evidence which tends to support the judgment of conviction is as follows. State's witness Ronald Williams testified that at approximately 4 a.m. on August 3, 1984, in Gary, Indiana, he was approached at a gas station by Gerald and Vita Walker, the murder victim. She and Gerald asked Williams for a ride. He agreed, and, as they drove away, the two passengers began struggling with one another over a gun the victim was carrying.

Williams stopped and asked that the two leave the car. They did, but continued to struggle for the gun. Appellant twisted the victim's arm, forcing her to her knees. She dropped the gun, and appellant picked it up.

Williams yelled at appellant to leave Vita alone. Gerald let her get up, and the two started to walk towards a nearby school, seemingly on friendlier terms. However, as Williams was driving away, he heard four gun shots. Approximately five minutes later, he saw appellant running.

Another witness, Brooks, testified that he saw a man and a woman struggling over the gun in front of his house. The woman said, "Donzell [Gerald], don't do that". Brooks too saw them walk towards the school, and he heard four gun shots. Shortly thereafter, he saw the man walking at a fast pace.

Near the school, police found the victim dead from four gun shot wounds to the head and neck. Three empty shell casings from a .25 calibre gun were recovered from

the scene. When appellant was arrested, he had in his possession a .25 calibre automatic gun which the victim had purchased three days before her death. Although the fire arms examiner was unable to conclude positively that the victim was shot with that same gun, tests showed it could have been the murder weapon.

We neither reweigh the evidence nor judge the credibility of the witnesses on appeal; any conflicting evidence was for the jury to resolve. *Napier v. State* (1983), Ind., 445 N.E.2d 1361. We consider only the evidence most favorable to the judgment together with all inferences reasonably drawn from that evidence. *Id.* Circumstantial evidence is sufficient to support a conviction so long as a reasonable person could find that the State proved each element of the crime beyond a reasonable doubt. *Jackson v. State* (1980), 273 Ind. 49, 402 N.E.2d 947.

The evidence most favorable to the judgment sufficed to convict Gerald of the murder. The proof of his struggle with the victim immediately before the four gun shots, his hurried activity thereafter, and his possession of her .25 gun, warranted a reasonable person in concluding beyond a reasonable doubt that appellant killed the victim. *See, e.g., Napier v. State, supra.*

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.